UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
PERSONAL SERVICES                   )
CONTRACTOR ASSOCIATION,             )
                                    )
            *Plaintiff.*            )   Case No. 1:25-cv-469-CJN
                                    )
      v.                            )
                                    )
DONALD TRUMP, *et al.*,             )
                                    )
            *Defendants.*           )
_____ )

**JOINT STATUS REPORT**

**1.   Proposed briefing schedule for TRO Motion [ECF 6].**

   **a. Plaintiff's position.** A TRO (or an administrative stay) should be entered now, pausing the 15-day termination notices that Defendants have issued to PSCs in the last 48 hours. If not, inasmuch as Plaintiff filed its TRO papers and served them on DOJ (by email) at 9:30 a.m. on Feb. 19, 2020, Defendants' response should be due by 5 p.m. on February 21. Plaintiff will reply by 5 p.m. on February 23.

   **b. Defendants' position.** Defendants intend to submit a response in opposition to Plaintiff's motion for a temporary restraining order, ECF No. 6, and request that they be allowed to file this response no later than Monday, February 24, 2025. Plaintiff may file a reply on February 26, 2025.

2. **Whether a hearing on the Motion is necessary.** Plaintiff and Defendants agree: neither side anticipates the need for a hearing. The parties are not expecting one unless the Court orders one. If the Court intendss to hold a hearing, Plaintiff's counsel requests either 24 hours' notice, to allow counsel to fly from Chicago to Washington, or leave to appear by telephone or Zoom. Defendants propose anytime on February 27, 2025 of February 28, 2025.

3. **Whether the parties anticipate factual disputes between affiants.**

a. **Plaintiff's position.** *First,* only *material* factual disputes should matter. *Second,* the relevant disputes here are legal not factual. In particular, the central issue in this case—as to which the likelihood of success on the merits, irreparable injury if an injunction is not granted, and the public interest should all be assessed—is the constitutionality of the Executive branch's unilateral action to dismantle USAID, a Congressionally established agency. This is a legal question, and there is no material dispute about its factual predicate—the dismantling of USAID. The President announced yesterday, "We have effectively eliminated the US Agency for International Development." Elon Musk has boasted that he fed USAID "into the wood chipper." The destruction of the agency is a here-and-now injury. And the Defendants' admissions, combined with the declarations in the record—in this case, in Case No. 25-cv-352-CJN (*AFSA/AFGE v. Trump*), in Case No. 25-cv-400-AHA (*AIDS Vaccine Adv. Coalition v. U.S. Dept. of State*), and in Case No. 25-cv-402-AHA (*Global Health Council v. Trump*), from

USAID direct-hire employees, USAID personal services contractors, and nonprofits—provide ample and substantially unrebutted evidence of the devastation of USAID, sufficient, at least, to establish the requisite "likelihood" of success on the merits. In short, the central issue here is the constitutionality of the Executive freezing Congressionally appropriated funds and eliminating a Congressionally established agency, and on those questions (freezing funds and dismantling the agency), there are no material factual disputes. Therefore, just as in cases 25-cv-352-CJN, 25-cv-400-AHA, and 25-cv-402-AHA, there should be no obstacle to a TRO in this case. And because there are no material factual disputes and the legal standard is the same, there also should be no obstacle to preliminary injunctive relief here.

      b. **Defendants' position**. Defendants anticipate submitting one or more declarations in support of their response to the motion for a temporary restraining order, and these declarations will likely dispute some of the factual assertions made by Plaintiff's affiants. However, Defendants anticipate that the Court will be able to resolve any factual disputes on the papers and will not need to hold an evidentiary hearing. Defendants further state that Plaintiff's position, consisting of new factual assertions and legal arguments in support of their motion for a temporary restraining order, are inappropriate for this Joint Status Report and non-responsive to the Court's Minute Order. Moreover, Plaintiff's counsel added these statements to the Joint Status Report less than one hour prior to the filing deadline, thereby denying Defendants an opportunity to

meaningfully respond. Defendants request an opportunity to respond to the substance of Plaintiff's statements in their response to the motion for a temporary restraining order.

4. **Plaintiff's additional statement.** The Government's objective, repeatedly stated, publicly and at the highest levels, is to dismantle USAID, an agency that Congress created and that Congress funds, exercising its exclusive article I power. In an effort to make the Executive supreme and to seize lawmaking power and power over the purse, which belong exclusively to Congress, Defendants are every day creating and changing "facts on the ground," in ways that increase the urgency of preliminary relief. On Tuesday (Feb. 18), just hours after Plaintiff notified the Department of Justice of impending litigation, Defendants issued generic notices to hundreds of USPSCs purporting to terminate their contracts in 15 days. Soon after filing the TRO motion, Plaintiff also learned about Defendants' plan to terminate the entire USPSC workforce. These purported terminations escalate the threat of irreparable injury: by itself, Defendants' usurpation of Congressional powers by unilaterally freezing Congressionally-appropriated funds and dismantling a Congressionally-established agency constitute a harm for which there is no adequate later legal remedy. And dismantling the agency to the point that it cannot be put back together again, which what Defendants are trying to accomplish, is surely irreparable injury. Preserving the possibility of permanent injunctive relief is part of the purpose of preliminary relief. And preserving the possibility of putting USAID back together again requires an immediate TRO restraining Defendants

from gutting the agency, in the next 10 days, if not sooner—of the contract officers, agreement officers, and other staff required to oversee and manage foreign aid programs. many of whom are USPSCs (the members of Plaintiff PSC Association), without whom USAID cannot function, threatening to make the harm to the agency irreparable. Avoiding a humpty-dumpty situation, where the pieces might not be able to be put back together again, requires expedited preliminary relief now, canceling or pausing 15-day termination notices to USPSCs, so that USAID can survive pending judicial rulings on the constitutional questions in this case. The purported terminations of USPCs' contracts have also created extraordinary stress and anxiety for USPSCs and potential disruptions to their families, which are also irreparable.

**Defendants' additional statement.** Plaintiff's "additional statement," consisting of new factual assertions and legal arguments in support of their motion for a temporary restraining order, is inappropriate for this Joint Status Report and non-responsive to the Court's Minute Order. Moreover, Plaintiff's counsel added this statement to the Joint Status Report less than one hour prior to the filing deadline, thereby denying Defendants an opportunity to meaningfully respond. Defendants request an opportunity to respond to the substance of Plaintiff's statement in their response to the motion for a temporary restraining order.

Dated: February 20, 2025

Respectfully submitted,

/s/ *Marni Willenson*

Marni Willenson
D.C. USDC Bar No. IL0011
Illinois Bar No. 6238365
Willenson Law, LLC
3420 W. Armitage Ave.,
Ste 200
Chicago, IL 60647
marni@willensonlaw.com
312-546-4910

Joshua Karsh*
Mehri & Skalet PLLC
1237 Judson Ave.
Evanston, IL 60202
jkarsh@findjustice.com
773-505-7533
*pro hac vice forthcoming,
*Member of the Illinois bar with a D.C. practice limited to federal litigation. Not a member of the District of Columbia bar.*

Carolyn E. Shapiro*
Schnapper-Casteras PLLC
200 E. Randolph St., Ste 5100
Chicago, IL 60601
cshapiro@schnappercasteras.com
773-520-7533
*pro hac vice forthcoming,
*Member of the Illinois bar with a D.C. practice limited to federal litigation. Not a member of the District of Columbia bar.*

*Counsel for Plaintiff*

BRETT A. SHUMATE
Principal Deputy Assistant
Attorney General
Civil Division

ALEXANDER K. HAAS
Director
Federal Programs Branch

LAUREN A. WETZLER
Deputy Director
Federal Programs Branch

CHRISTOPHER R. HALL
Assistant Branch Director

<u>/s/ Michael P. Clendenen</u>
MICHAEL P. CLENDENEN
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L St. NW
Washington, DC 20005
Phone: (202) 305-0693
Email: michael.p.clendenen@usdoj.gov

*Counsel for Defendants*