# EXHIBIT 7

**25-cv-469-CJN**

**Motion for Leave to File**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PERSONAL SERVICES CONTRACTOR ASSOCIATION, <br><br> *Plaintiff*, <br><br> v. <br><br> DONALD TRUMP, et al., <br><br> *Defendants*. | Case No. 1:25-cv-469-CJN |

**DECLARATION OF JONATHAN DOE**

I, Jonathan Doe, declare the following under penalties of perjury:

1. I am over 18 years of age and competent to give this declaration.

2. I am a development professional with over 20 years of experience in the design and implementation of foreign assistance programs funded by the United States Government (USG). I have served as a Personal Service Contractor (PSC) for the United States Agency for International Development (USAID), with postings both in Washington, D.C. and in various international field locations, including regions classified as active war zones. I currently work for a non-governmental organization that implements foreign assistance and national security projects for several USG agencies across the world. I have been in this role for over a decade.

3. For the past decade, I have actively supported the implementation of numerous rapid response stabilization and democracy programs funded by the USG through USAID, in particular the Office of Transition Initiatives (OTI). These programs have historically been staffed by committed PSCs who provide guidance on USG foreign policy, facilitate

connections with host government partners, and review and approve programmatic activities. My work has included implementation of peace agreements in multiple countries; mitigating drivers of migrations in Latin America and the Caribbean (LAC), supporting pro-democracy movements in Europe, Asia, and LAC; countering violent extremism in conflict zones; countering malign influences in Europe and Asia; and support to free and fair elections in Europe, LAC, and Asia. These programs have been implemented in countries across the global, often in insecure operating environments. One key consistency across the programs has been the presences of dedicated PSCs provide hands-on guidance for the programs.

4. PSCs serve as the primary USG liaison for implementing partner staff, acting as intermediaries with senior leadership located in Washington, as well as with Embassy and Mission leadership. They identify critical USG policy matters and coordinate response efforts across various USG assistance programs to ensure optimal impact and prevent duplication of efforts. In this capacity, PSCs leverage their expertise to steer the development of program strategies, ensuring a direct alignment with, and adaptation to, evolving USG priorities. Additionally, they maintain prompt communication with in-country personnel to ascertain emerging needs and facilitate immediate adjustments to program focus as warranted.

5. As integral participants of the USG, PSCs play a pivotal role in establishing and nurturing relationships with host country governments. They organize and moderate discussions with local officials, thereby providing our programs, and the broader USG, with critical insights into local needs and priorities, while securing necessary support for USG programming initiatives.

6. The programs under my supervision implement clusters of short-term, small grants aimed at achieving comprehensive programmatic objectives. At any given time, these programs engage in a continuous cycle of activity development, implementation, and completion. PSCs assigned to these programs perform real-time audits of grants throughout the activity cycle, ensuring that each action aligns with current USG priorities, is executed effectively in accordance with approved work plans, and undergoes thorough evaluations of final reports and analyses to verify the return on investment and overall effectiveness with respect to both the program and the USG.

7. PSCs are indispensable to the effective and responsible execution of USG foreign assistance programs. The USG's ability to engage PSCs, often endowed with specialized expertise and skill sets, facilitates the rapid and flexible staffing of response programs. PSCs also provide the USG with an immediate auditing capability to ensure compliance and effective implementation. Absent the contributions of PSCs, the USG's capacity to design and execute high-quality pro-democracy programming would be severely compromised.

8. If the current trajectory of mass terminations of programs – and PSCs – and delayed payments continue it will cause irreputable damage to not only my organization but also America's standing in the world. My current programs directly employ more than 25 Americans and another 300+ host country nationals who have dedicated their careers to advancing USG foreign policy in strategic countries – often in harm's way. We have more than 200 suspended activities worth millions of dollars, with zero guidance from the Administration on how to proceed, leaving activities partially completed and wasting US tax dollars. My organization has not been paid tens of millions of dollars for services

already rendered dating back to November, with no clear message on when we will be paid. Our PSCs counterparts have been forbidden to speak with us since inauguration and, many, not permitted to work regularly. This leaves my company with no guidance and no advocates inside the USG to support our programs during a – yet to be defined publicly – review process.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 24, 2025.

                                                /s/ *Jonathan Doe*
                                                Jonathan Doe