UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **PERSONAL SERVICES** ) | |
| **CONTRACTOR ASSOCIATION** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 1:25-cv-469-CJN |
| ) | |
| **DONALD TRUMP, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

**PLAINTIFF'S *UNOPPOSED* MOTION**
**FOR LEAVE TO SUPPLEMENT THE RECORD**

Pursuant to Local Rule 65.1(d), Plaintiffs move for leave to supplement the record to add three documents and in support of this motion state as follows:

**1.** This motion asks for leave to add three documents to the record, all of them recent memoranda prepared by Nicholas Enrich, the Acting Assistant Administrator of the USAID Bureau for Global Health. They were publicly released yesterday, March 2, 2025. These documents provide more support for Plaintiffs' request for expedited injunctive relief.

**2.** Exhibit 1 to this motion, the declaration of Nadine Doe, authenticates these documents, which have also been authenticated by Mr. Enrich. *See* ECF No. 47-1 in Case No. 25-cv-402 (AHA) (Declaration of Nicholas Enrich).

**3.** Plaintiff's counsel has conferred with counsel for Defendants and is authorized to represent that this motion is not opposed "provided that Plaintiff would not oppose Defendants' filing a response," a condition to which Plaintiff has agreed.

4. The first document that would be added to the record, Exhibit A to the Nadine Doe declaration, is a 5-page document dated February 28, 2025, titled "Memorandum to File," with the Subject line "Documentation of Bureau for Global Health Workforce Reductions." It documents that in the Bureau of Global Health, alone, the workforce has been reduced by 449 employees since January 20, leaving a current staff of 72.

5. The second document that would be added to the record, Exhibit B to the Nadine Doe declaration, is a 7-page document, dated Feb. 28, 2025, titled "Memorandum to File," with the Subject line: "Documentation of challenges and impediments to implementing the lifesaving humanitarian assistance waiver for the pause on foreign assistance." This memorandum provides evidence of Defendants' arbitrariness and caprice and the false pretense that "waivers" are being allowed for lifesaving humanitarian assistance, documenting that:

- On February 26, over 5,000 USAID awards were terminated globally;

- The terminated awards "included almost all of the awards that were needed to implement lifesaving activities," rendering it "*impossible*" to implement activities under lifesaving humanitarian assistance waivers "*even if they had been approved*"; (emphasis added).

- In fact, the Global Health Bureau was instructed to be "draconian" in submitting waiver requests, told that it "should not be conducting" its own policy and program review "before acting *on these termination instructions*," and despite the bureau's request for waivers for lifesaving humanitarian assistance, since Feb. 14 "*zero lifesaving health activities have been approved by the Agency ….*" (Emphasis added).

- "Political leadership" instructed the bureau to "deprioritize" activities related to Mpox, polio, and Ebola as those would not be approved. Implementing partners responding to the Ebola outbreak in Uganda "have not received any funds to date."

- "Severe restrictions" have been placed on communications between USAID and State. "All communication with State must first go through the USAID Front Office."

- USAID's financial systems (GLAAS and Phoenix) were "completely turned off by DOGE."

- As a result, to date, the Bureau of Global Health has been "wholly prevented from delivering life-saving activities" under Secretary Rubio's ostensible waiver for lifesaving humanitarian assistance.

6. The third document that would be added to the record, Exhibit C to the Nadine Doe declaration, is a 19-page document titled "Info Memo for the USAID Administrator and Deputy Administrator" with the Subject line "Risks to U.S. National Security and Public Health: Consequences of Pausing Global Health Funding for Lifesaving Humanitarian Assistance." Unlike a finalized document, this memo retains comments in Microsoft Word. (We have redacted this document before filing it, solely to remove commenters' names to protect their identities). This memo provides estimates of the "quantifiable impacts of halting global health programming," including:

- Another 12.5-17.9 million cases of malaria over the next year – and 71,000 to 166,000 deaths (a 39.1% increase),

- An additional 200,000 paralytic polio cases per year,

- Eliminating lifesaving services for 16.8 million pregnant women annually,

- Eliminating critical postnatal care for 11.3 million newborns annually, and

- Eliminating treatment for pneumonia and diarrhea for 14.8 million children annually, while

- Impounding approximately $2.6 billion in funds appropriated directly to USAID for Global Health Programs for specific health objectives.

7. Together, these three documents provide evidence on points relevant to plaintiff's pending motion for a TRO, including evidence that: Defendants' claim that they have been "reviewing" USAID's future is pretext; the Agency is left with insufficient staff to continue to function, manifesting an intent to dismantle it not merely pause its operations; the Executive is unilaterally and arbitrarily and capriciously refusing to disburse vast sums of appropriated

funds on categorical bases, without reasoned decision-making and contrary to law, in violation of separation of powers and the APA; and implementing "waivers" for lifesaving humanitarian assistance "is not possible" due to factors that include "*intentional*" obstacles "that have wholly prevented implementation."

8. This Court has the discretion to allow parties to supplement the record in a case, which is especially important in cases like this one where relevant events are ongoing and important facts continue to surface.

Dated: March 3, 2025

Respectfully submitted,

/s/ *Joshua Karsh*
Joshua Karsh

S

Carolyn E. Shapiro
Schnapper-Casteras PLLC
200 E. Randolph St., Ste 5100
Chicago, IL 60601
cshapiro@schnappercasteras.com
773-520-7533

*Member of the Illinois bar with a D.C. practice limited to federal litigation. Not a member of the District of Columbia bar.*

Marni Willenson
D.C. USDC Bar No. IL0011
Illinois Bar No. 6238365
Willenson Law, LLC
3420 W. Armitage Ave., Ste 200
Chicago, IL 60647
marni@willensonlaw.com
312-546-4910

Joshua Karsh
Mehri & Skalet PLLC
1237 Judson Ave.
Evanston, IL 60202
jkarsh@findjustice.com
773-505-7533

*Member of the Illinois bar with a D.C. practice limited to federal litigation. Not a member of the District of Columbia bar.*

*Counsel for Plaintiff*