UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **PERSONAL SERVICES CONTRACTOR ASSOCIATION,** ) ) ) ) *Plaintiff,* ) ) v. ) ) **DONALD TRUMP, et al.,** ) ) *Defendants.* ) ) | Case No. 1:25-cv-469-CJN |

### REPLY IN SUPPORT OF PLAINTIFF'S EMERGENCY MOTION FOR A TEMPORARY RESTRAINING ORDER TO PRESERVE EVIDENCE

Plaintiff Personal Services Contractor Association replies as follows in support of its emergency motion for a temporary restraining order to preserve evidence:

1. Plaintiff filed its motion for a Temporary Restraining Order after becoming aware of social media posts reporting that documents were being shredded at the former USAID offices on March 11, 2025 *and* after seeking information from Defendants' counsel verifying (or contesting) those posts. After Defendants' counsel did not respond with any information, stating only, "we're looking into this" without further response for two hours, Plaintiff filed its motion both to try to stop any destruction of evidence and to compel a substantive response.

2. The social media reports proved true. Plaintiff's concern was warranted. Defendants have now admitted destroying documents, apparently on a large scale. And notably absent from

1

their response is any statement about the volume of documents destroyed or any index of what was destroyed, absences suggestive of the speed and breadth of the destruction.

3. Defendants' response to Plaintiff's motion, including Erica Carr's declaration, have allayed Plaintiff's concerns in part. Crediting the response (which, however, it is not possible to verify without an index of what was destroyed), it is welcome news that the destruction that took place on March 11 is said not to have included personnel documents, and it is also reassuring that, as a result of this motion, Defendants have now committed to provide prior notice, and an opportunity to seek the aid of the court, before destroying "any additional documents stored in the Ronald Reagan Building." ECF No. 26-1 ¶ 13.

4. Nonetheless, the declaration, while asserting compliance with the Federal Records Act, makes no reference and shows no awareness of the independent and broader duty, to preserve all records, in any form, containing any evidence potentially relevant to this litigation (or to the four other pending cases challenging the Executive's activities related to the dismantling of USAID: *AFSA v. Trump*, 25-cv-352 (D.C. Dist.); *AIDS Vaccine Advocacy Coalition v. U.S. Department of State*, 25-cv-400 (D.C. Dist.); *Global Health Council v. Trump*, 25-cv-402 (D.C. Dist.); *J. Does 1-26 v. Musk*, TDC-25-462 (D. Md.)). And remarkably, while asserting that no spoliation occurred (which cannot be verified without an index), the response omits any statement that Defendants' counsel have now instructed USAID officials on their duty to preserve evidence.

5. The Carr declaration claims only that Defendants complied with record retention responsibilities under the Federal Records Act. But Plaintiff did not move for a temporary restraining order to enforce the Records Act. Plaintiff moved for a restraining order while the

document shredding was ongoing, out of concern that evidence might be in the process of being spoliated.

6.  It is not clear from the Carr declaration, or from the March 6, 2025 email attached to that declaration, that no documents with potential evidentiary value were destroyed. For example, the email identifies as "non-records that can be disposed of" "drafts," "working papers," and "personal notes," any of which could, depending on their content, be relevant here, bearing on liability (decisions to dismantle the agency) or on remedies (documents without which it may be difficult to resume agency operations).

7.  The only commitment now made on behalf of Defendants, even after shredding occurred, is that USAID records *which are still in the Ronald Reagan Building* will not be destroyed without notice. However, this is insufficient to comply with Defendants' preservation duties, because it does not encompass *any electronic files*, or paper files stored elsewhere, such as paper files previously removed from the former USAID offices.

8.  Therefore, Plaintiff requests entry of an order granting its motion to the extent of commanding preservation of evidence, in any form, potentially relevant to liability or remedies in this case, including but not limited to all personnel documents.

Dated: March 13, 2025                Respectfully submitted,

　　　　　　　　　　　　　　　　　　/s/ Marni Willenson

| Carolyn E. Shapiro* | Marni Willenson | Joshua Karsh* |
|---|---|---|
| Schnapper-Casteras PLLC | D.C. USDC Bar No. IL0011 | Mehri & Skalet PLLC |
| 200 E. Randolph St., Ste 5100 | Illinois Bar No. 6238365 | 1237 Judson Ave. |
| Chicago, IL 60601 | Willenson Law, LLC | Evanston, IL 60202 |
| cshapiro@schnappercasteras.com | 3420 W. Armitage Ave., | jkarsh@findjustice.com |
| 773-520-7533 | Ste 200 | 773-505-7533 |

*\* Member of the Illinois bar with a D.C. practice limited to federal litigation. Not a member of the District of Columbia bar.*

Chicago, IL 60647
marni@willensonlaw.com
312-546-4910

*\* Member of the Illinois bar with a D.C. practice limited to federal litigation. Not a member of the District of Columbia bar.*