UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PERSONAL SERVICES CONTRACTOR
ASSOCIATION,

       *Plaintiff,*

  v.

DONALD TRUMP, et al.,

       *Defendants*.

Civil Action No. 1:25-cv-00469 (CJN)

## ORDER

Plaintiff Personal Services Contractor Association (PSCA), an organization that represents personal services contractors employed at USAID, sued to assert constitutional and statutory challenges against the federal government's alleged "suspension of foreign assistance funding and dismantling of USAID." ECF No. 1 at 17. The PSCA then sought a TRO that would "[r]eturn USAID workers employed as personal services contractors (USPSCs) to the terms and conditions of employment they enjoyed on January 19, 2025," before President Trump took office. ECF No. 6 at 2. The Court denied the TRO orally on March 6, 2025, for the reasons stated on the record. *See* ECF No. 23.

On March 11, 2025, the PSCA filed an emergency motion for a TRO to preserve evidence. *See* ECF No. 24.[1] The motion included a screenshot of an email sent by Erica Carr, the Acting Executive Secretary of USAID, thanking certain USAID staff members for their "assistance in clearing our classified safes and personnel documents from the [Ronald Reagan Building],"

---

[1] Plaintiffs in the related case, *AFSA, et al. v. Trump, et al.*, Civ. A. No. 25-cv-352, also moved for a TRO seeking similar relief. *See AFSA* ECF No. 53. But after the government filed its brief in opposition, *AFSA* ECF No. 59, the AFSA plaintiffs withdrew their motion. *AFSA* ECF No. 61.

1

USAID's former office space. *Id.* at 2. That email also contained instructions regarding that "clearing" process, which was to take place the same day the PSCA filed its motion, including directing staff to "[s]hred as many documents first, and reserve the burn bags for when the shredder becomes unavailable or needs a break." *Id.* According to the PSCA, the email raised "concern[s] that evidence might be being spoliated," and it therefore sought a "TRO ordering Defendants to preserve all documents with any possible relevance to pending litigation." *Id.* at 2–3. The Court entered a briefing schedule the same day, *see* Min. Order of March 11, 2025, and the motion became fully briefed yesterday.

To obtain a TRO, "the moving party must show (1) a substantial likelihood of success on the merits, (2) that it would suffer irreparable injury if the [TRO] were not granted, (3) that [the TRO] would not substantially injure other interested parties, and (4) that the public interest would be furthered by the [TRO]." *Chaplaincy of Full Gospel Churches v. England*, 454 F.3d 290, 297 (D.C. Cir. 2006). Where, as here, the requested temporary relief would run against the government, "the final two TRO factors—balancing the equities and the public interest—merge." *D.A.M. v. Barr*, 474 F. Supp. 3d 45, 67 (D.D.C. 2020). Because the PSCA has not carried its burden on any TRO factor, the Court will deny relief.

*First*, the PSCA has not established a likelihood of success on its spoliation claim because the government has credibly attested that USAID is not destroying documents potentially germane to this case. As Carr explained in a sworn declaration filed with the government's brief, USAID was asked by GSA and the new lessee of the Ronald Reagan Building, CBP, to clear the building of USAID documents by March 31, 2025. ECF No. 26-1 (Carr Decl.) ¶ 5. Thus, on March 11— as referenced in the email that the PSCA depicted in its TRO motion—USAID purged from the building "outdated and no longer needed" classified documents. *Id.* ¶ 3. According to Carr, the

"vast majority of the removed documents were either (1) copies of classified documents that were originally classified by other government agencies, or (2) derivatively-classified documents that were created for the purposes of, but not limited to, high-level meetings, official government travel, and intelligence briefings, which USAID no longer has a need to retain." *Id.* ¶ 6. And "[o]riginal copies of the classified documents are retained by other government agencies, or they are maintained in electronic format on classified systems." *Id.* Carr further represents that none of the documents targeted for destruction were personnel records or documents relating to current classified programs, which are all being safeguarded in the Ronald Reagan Building or its vault. *Id.* ¶¶ 3, 7–8.

The PSCA does not contest any of the factual assertions in the Carr declaration. And it is not clear—and the PSCA certainly has failed to establish—how aged classified documents are "relevant to [this] litigation," as would be required to trigger USAID's duty to preserve them. *Shepherd v. Am. Broad. Cos.*, 62 F.3d 1469, 1481 (D.C. Cir. 1995). This case pertains to the alleged dismantling of USAID by an Executive Order and related memoranda pausing funding—authorities that are public and already on the record in this case. The documents in question have no apparent relation to anything that is happening at the agency now. Moreover, and as the Court explained when ruling on the PSCA's first TRO motion, the allegations in this case necessarily center on USAID's personnel actions with respect to its personal services contractors. *See generally* ECF No. 23. USAID has expressly stated that it has no intention of destroying any personnel files in its possession. Carr Decl. ¶ 8.

The PSCA contends in its reply brief that USAID has "show[n] no awareness of the independent and broader duty[] to preserve all records, in any form, containing any evidence potentially relevant to this litigation." ECF No. 27 (Reply) ¶ 4. But whatever that statement means

3

exactly, it is not USAID's burden to affirmatively demonstrate compliance with the anti-spoliation rules.  Instead, it is the PSCA's burden, at least at this stage, to demonstrate that USAID is *not* complying.  And its conclusory assertions that the old classified documents USAID is destroying (many of which also appear to be redundant) "could, depending on their content, be relevant here" do not meet that burden.[2]  *Id.* ¶ 6.

*Second*, the PSCA has not demonstrated that it will suffer irreparable harm absent a TRO. To start, for the reasons discussed above, the PSCA has not demonstrated that any records USAID intends to destroy are even relevant to this litigation in the first place.  And in any event, USAID has attested that it "will not destroy any additional documents stored in USAID offices of the Ronald Reagan Building without giving notice to the [PSCA] and an opportunity for [it] to raise the issue with the Court."  Carr Decl. ¶ 13.  While the PSCA worries that USAID might in the future destroy "*electronic files*, or paper files stored elsewhere," Reply ¶ 7, at this juncture that concern is wholly speculative.  *See Full Gospel Churches*, 454 F.3d at 298.  The Court sees no reason to issue the extraordinary remedy of a TRO given the government's representations and the fact that the Court can take up any evidentiary concerns as they arise.

*Last*, the balance of interests, including the public interest, does not weigh in favor of a TRO.  The Carr declaration (which, again, the PSCA does not contest) provides that USAID is only destroying duplicated, aged documents that are preserved either by other agencies or in an electronic format, in a manner that USAID represents is consistent with the Federal Records Act.

---

[2] The PSCA also faults USAID for failing to demonstrate "awareness" of its duty to preserve evidence in *other* pending cases concerning USAID—including cases that are not related to this one.  ECF No. 27 (Reply) ¶ 4.  But the PSCA lacks standing to seek relief based on asserted injuries to other litigants—which in any event appear very unlikely to have occurred for the same reasons as here.

4

Permitting that process to continue will not harm the PSCA or the public, but interfering with it could hinder the agency's decommissioning process.

For the foregoing reasons, it is hereby **ORDERED** that the PSCA's Motion for Temporary Restraining Order, ECF No. 24, is **DENIED**.

DATE: March 14, 2025

                                                CARL J. NICHOLS
                                                United States District Judge